## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WEBB, #A83215,<br>a/k/a TYRENCE WILLIAMS,<br><br>     **Plaintiff,**<br><br>vs.<br><br>BRADLY J. ROBERT,<br>GENNIFER MURRAY, BARRY BRADY,<br>MARC HODGE, JANIS K. JOKISCH,<br>and D. DIXON,<br><br>     **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  **Case No. 13-cv-00671-MJR**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

    Plaintiff Jesse Webb (a/k/a Tyrence Williams) brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983[1] (Doc. 1).  Plaintiff's claims arose during his incarceration at Centralia Correctional Center ("Centralia") and Lawrence Correctional Center ("Lawrence").  Plaintiff alleges that Defendants conspired to detain him for more than a year past his lawful release date.  Although his sentence was fulfilled on June 20, 2012, Plaintiff was not released from incarceration until July 19, 2013 (Doc. 9).  Plaintiff now seeks monetary damages.

**<u>The Complaint</u>**

    Specifically, Plaintiff alleges that he was sentenced on October 29, 2009, to six years in the Illinois Department of Corrections ("IDOC") (Doc. 1, p. 5).  Plaintiff received day-for-day good conduct credit, resulting in a projected release date of September 20, 2012 (Doc. 1, pp. 5, 12).  In addition, the IDOC director awarded Plaintiff ninety days of meritorious good time

---

[1] Plaintiff originally filed this action on June 24, 2013, in the United States District Court for the Northern District of Illinois ("Northern District").  *See Webb v. Robert et al.*, Case No. 13-cv-04616 (N.D. Ill. June

credit on December 11, 2009, accelerating his projected release date to June 20, 2012.  Plaintiff fulfilled his sentence on June 20, 2012.

The same day, Defendants Brady (Centralia correctional counselor), Murray (Centralia case work supervisor), and Dixon (parole agent supervisor) conspired to detain Plaintiff for thirteen months beyond his lawful release date, in violation of state[2] and federal law (Doc. 1, p. 5).  When Plaintiff requested placement in Walls Men's Shelter, Defendants Brady and Murray recommended that the Prisoner Review Board ("PRB") place Plaintiff under electronic detention.  Walls Men's Shelter does not offer placement to electronically detained prisoners.  Defendant Dixon also prepared a parole violation report, knowing that Plaintiff would remain in prison because of it.  According to the parole violation report that Plaintiff filed with the complaint, Plaintiff failed to provide a suitable host site for electronic detention (Doc. 1, p. 14).  Also according to the report, Plaintiff was entitled to a preliminary parole violation hearing before a neutral officer, in order to determine whether probable cause existed to rebut the charges (Doc. 1, p. 15).  One year after Defendant Dixon issued the report, Plaintiff remained in detention, still awaiting a hearing (Doc. 1, p. 6).

Plaintiff filed a petition for writ of habeas corpus in Cook County Circuit Court on July 17, 2012.  Plaintiff last heard from Cook County Circuit Court on December 5, 2012.  Plaintiff filed a grievance on November 3, 2012.  He wrote to Defendant Robert (Centralia's warden) and requested immediate release, to no avail.  After his transfer to Lawrence, Plaintiff wrote to Defendant Hodge (Lawrence's warden) and Jokisch (a Lawrence executive) with the same request, again without obtaining any relief (Doc. 1, p. 7).  Plaintiff was eventually released on July 19, 2013.  Plaintiff now seeks monetary relief in this civil rights action.

---

[2] Plaintiff fails to set forth those state law claims he wishes to raise in the complaint.  The Court will not speculate on his behalf.

**Merits Review Pursuant to § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that Plaintiff has stated a Fourteenth Amendment due process claim (Count 1) against all of the defendants for detaining him beyond his lawful release date without a hearing on his parole violation charges.  Plaintiff argues that he has served thirteen months longer than the time of incarceration imposed at sentencing.  A wrongfully lengthened sentence may not implicate a

3

civil right within the scope of 42 U.S.C. § 1983.  It does, however, implicate a liberty interest.  As such, Plaintiff does present a cognizable due process claim regarding the extension of his sentence.

If Plaintiff were still incarcerated as a result of that conviction, the proper method for challenging a wrongfully extended sentence would be habeas corpus after Plaintiff had exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994).  Plaintiff, however, does not seek release, which would require a habeas corpus action; he seeks damages.  While recovery under § 1983 for unconstitutional conviction or imprisonment requires that the conviction or sentence be "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," *Heck*, 512 U.S. at 489, it appears that Plaintiff's claim is not a challenge to the state court's decision.  It is instead "an argument that the prison system failed to implement the state courts' decisions and thus defendants have deprived him of liberty without due process of law."  *See Bey v. Schartz,* No. 12-1373, Doc. 00711806143 (7th Cir. May 29, 2012); *see also Bey v. Schartz et al.*, 11-cv-951 (S.D. Ill. 2011) (Doc. 29-1).  Accordingly, Plaintiff shall be allowed to proceed on Count 1 against Defendants Robert, Murray, Brady, Hodge, Jokisch, and Dixon.

Likewise, Plaintiff has articulated a viable civil conspiracy claim (Count 2) against Defendants Brady, Murray, and Dixon.  Civil conspiracy claims are cognizable under § 1983.  *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983).  "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ."  *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).  *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).  Plaintiff alleges that Defendants Brady, Murray, and

Dixon conspired to detain him beyond his lawful release date (Doc. 1, p. 5). Plaintiff shall be allowed to proceed against Defendants Brady, Murray, and Dixon on Count 2.

However, Plaintiff's conspiracy claim fails as to Defendants Robert, Jokisch, and Hodge. The complaint does not even contain a bare allegation of conspiracy against these defendants. There is no hint at what role each defendant might have played or agreed to play in relation to Plaintiff's detention beyond his unlawful release date. Therefore, Plaintiff shall not be allowed to proceed on Count 2 against Defendants Robert, Jokisch, or Hodge.

**Disposition**

The Clerk of Court shall prepare for **DEFENDANTS ROBERT, MURRAY, BRADY, HODGE, JOKISCH** and **DIXON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED.**

     **DATED:  August 16, 2013**

                                      **s/ MICHAEL J. REAGAN**
                                      **U.S. District Judge**